**Paul L. WILLIAMS, Anthony L. Young, and Miguel Del Valle, Plaintiffs,**

v.

**STATE BOARD OF ELECTIONS, et al., Defendants.**

No. 88 C 2377.

United States District Court, N.D. Illinois, E.D.

Aug. 4, 1988.

Michael P. Seng, John Marshall Law School, Chicago, Ill., James C. Craven, Springfield, Ill., for plaintiffs.

Richard M. Daley, State's Atty., Terry McDonald, Asst. State's Atty., Supervisor, Federal Litigation Unit, Michael Levinson, Chicago Bd. of Elections, Mike Hayes, Roger P. Flahaven, Deputy Attys. Gen., Barry T. McNamara, D'Ancona & Pflaum, James J. Stamos, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., for defendants.

## ORDER CONCERNING FORMAT OF FEE PETITIONS[1]

GRADY, Chief Judge.

Any fee petitions filed in this case must be in a format that will enable the court to determine how much time was spent on each item of work for which compensation is claimed. Fee petitions often consist of a series of entries of the following kind:

> 5/20/87 Legal research re doctrine of equitable estoppel; office conference with LBC; telephone conference with client re his deposition; work on draft of second amended complaint ........ 5¼ hours

This description gives the court very little information about the work that was done and no information whatever about the time that was spent on each item. For instance, the court would not know what question or questions concerning the doctrine of equitable estoppel required research, or how much time was spent on that research. Without this information, it is impossible for the court to arrive at any opinion as to whether the work was neces-

---

1. This order is identical to *Cristancho v. National Broadcasting Co.*, 117 F.R.D. 609 (N.D.Ill. 1987).

sary or whether the time spent on it was excessive.

Instead of the kind of entry quoted above, which groups unrelated items together simply because they were performed on the same day, time entries in fee petitions should be grouped under separate headings for each item of work performed. Moreover, the description of the work should be sufficient to enable the court to determine that it was necessary and cost efficient. The kind of format the court has in mind is discussed in *In Re Continental Illinois Securities Litigation*, 572 F.Supp. 931, 934–935 (N.D.Ill.1983). In the illustration above, the "legal research re doctrine of equitable estoppel" would be one item of work, and all time devoted to that item, regardless of the date and regardless of which attorney performed it, would be listed chronologically under that item. The specific question or questions researched should be described, and their relationship to the case, if not apparent, should be explained.

The time involved in the "office conference with LBC" would be listed under the item or items of work to which that conference pertained. For instance, if the conference lasted thirty minutes and half of it was spent discussing the equitable estoppel question and the other half discussing the advisability of filing a second amended complaint, fifteen minutes of the conference would be listed under the "doctrine of equitable estoppel" item and the other fifteen minutes would be listed under the item "second amended complaint." The date of the conference, the participants, and a description of the topic sufficient to demonstrate the usefulness of the conference should be stated.

Continuing with the breakdown of the items in the illustration, the "telephone conference with client re his deposition" should be listed under "Client's deposition." All time spent on that deposition—discussing it, preparing for it, attending it, reading the transcript of it, or whatever other work might be associated with it, by whomever performed—should be listed under that heading. (The same procedure should be followed in connection with any deposition: the deposition of each witness should be a separate heading in the petition ("deposition of John Jones") and all work associated with that deposition should be included under that heading. There should *not* be a category simply labeled "depositions" with the time spent on depositions of several witnesses listed in the aggregate. The petition must make clear how much time was separately devoted to the work associated with the deposition of each witness.)

The notation "work on draft of proposed second amended complaint" should come under the item "second amended complaint." A *copy* of the second amended complaint, if drafted, should be attached as an exhibit to this heading. (The same procedure should be followed for any pleading or other court paper, such as a motion to dismiss, interrogatories, or a request for admissions. There should be a separate heading for the pleading or paper, the pleading or paper should be attached as an exhibit, and all time spent drafting the pleading or paper should be listed under the heading.) The "work on draft" should be specified: if it was research, it should be listed under a separate heading for each legal issue researched. Only the time spent actually drafting or discussing the second amended complaint should be listed under the heading "second amended complaint."

The foregoing explanation is illustrative and is not intended to prevent counsel from devising a format that, for this case, may be even more explanatory than the one suggested. It is, however, intended to prohibit counsel from submitting a format which is *less* explanatory. This order is prompted by the desire of the court to make a speedy determination of the time necessarily spent by counsel in connection with the case and to award a reasonable fee for the work involved.

This order is being entered in this case at this time, even though the possibility of a fee award is only speculative, so that counsel will be able to keep time records on a current basis according to the procedure

outlined. If counsel sees any difficulty in following this procedure in this case, the court invites a motion for modification or clarification. Again, the purpose of this order is not to complicate the process of fee determination but to make it easier for both court and counsel.